aTHOMAS F. DALEY, Judge.
The plaintiffs, Robert Billiot, Michael Nance, Vern Streckfus, Clifford Clayton, Shaun Hauswald, William Lahers, and Dennis Durham, are shareholders of the New Orleans and Baton Rouge Steamship Pilots Association (hereinafter referred to as the Pilot’s Association). The plaintiffs filed a Writ of Mandamus directed to the Pilot’s Association requesting examination of the corporate records specifically requesting to examine the documents in support of legal fees. The trial judge rendered judgment denying the mandamus. The devolutive appeal followed.
FACTS:
The Phot’s Association is a non-profit corporation whose shareholders are State-commissioned phots who guide foreign-flagged vessels on the Mississippi River. The plaintiffs are long standing members and shareholders of the association. Plaintiff, Clifford Clayton, is the former president of the Pilot’s Association and Michael Nance is the former secretary/treasurer of the Phot’s 14Association. On January 1, 2002, William Watson became president of the Phot’s Association. Clayton and Nance are currently being investigated by the Pilot’s Association.
In April 2002, plaintiffs sent a letter to the Phot’s Association demanding to examine corporate records including “documentation in support of the fees and expenses submitted by any and all attorneys and or law firms which have presented any invoice to the association since January 1, 2002.”
Records were presented to plaintiffs for examination. These records included books and account records, ledgers, cash receipts and disbursements, financial statements, checkbooks and stubs, can-celled checks and bank statements, IRS forms 1099, and expense reports. The records did not contain supporting documentation for legal fees.
On June 28, 2002, plaintiffs filed a Writ of Mandamus directed to the Phot’s Asso *1293 ciation requesting examination of the corporate records specifically requesting to examine the documents in support of legal fees. The Board of Examiners for the New Orleans and Baton Rouge Steamship Pilots (hereinafter referred to as Board of Examiners) intervened in this matter. The Board of Examiners, a statutorily created State agency charged with, among other matters, the duty of investigating allegations of pilot misconduct and violation of its rules, also opposed plaintiffs’ examination of these records. The Pilot’s Association pays the legal fees for the Board of Examiners.
The matter was submitted on affidavits, depositions, and memoranda. On August 23, 2002, the trial judge rendered judgment denying the mandamus. The trial court applied R.S. 12:223 relative to nonprofit corporations and found this statute required the corporation to make information “available to its shareholders so the shareholders can make a reasonable judgment regarding the financial condition of the corporation.” The court determined that the Pilot’s Association |smet its burden to produce all records needed to make a determination regarding the financial condition of the corporation and that the narrative details of attorney billing records requested by plaintiffs go beyond the scope of 12:223.
LAW AND DISCUSSION:
On appeal, plaintiffs allege that the trial court erred in finding the narrative details of attorney billing records were excluded from the scope of R.S. 12:223. R.S. 12:223, which related to non-profit corporations, provides:
223. Corporate records and reports
A. Every corporation shall keep at its registered office (1) records of the meetings of its members and directors, and of committees of the board, share and membership records giving the names and addresses of the members in alphabetical order by classes and series and the number of shares held by each, and records of its assets, liabilities, receipts, disbursements, gains, losses, capital and surplus; and (2) separate records of all trust funds held by it. Whenever membership is terminated, this fact shall be recorded in the share or membership record together with the date on which the membership ceased, and transfers of shares shall similarly be recorded.
[[Image here]]
C. Every shareholder and voting member may examine in person, or by agent or attorney, at any reasonable time, the records of the corporation listed in subsection A of this section.
The plaintiffs contend that an extraordinary amount has been paid in attorney’s fees since January 1, 2002. They contend that they are entitled to view the supporting documentation for these fees in order to be fully apprised of the financial status of the corporation, including information about any possible lawsuits.
The affidavit of the current president of the Pilot’s Association, W.O. Watson, attested that the narrative billing records sought by plaintiffs relate to private information pertaining to individual members and itemized statements setting forth work performed by the Pilot’s Association’s legal counsel. The [(¡affidavit states that these itemized statements contain “legal and governmental strategy and impressions of attorneys and political consultants employed by the Association.” The affidavit further states that certain legal bills reference private business of individual pilots such as garnishment petitions and subpoenas relating to domestic matters. The affidavit of Christopher Brown, the secretary/treasurer of the association, corroborates that of Mr. Watson.
*1294 The Pilot’s Association has provided plaintiffs with the following: 1) books and account records, 2) ledgers, 3) cash receipts, ^disbursements, 5) monthly financial statements, 6) checkbooks, 7) check stubs, 8) cancelled checks, 9) bank statements, 10) IRS Forms 1099, and 11) expense reports. The plaintiffs seek narrative billing records that include personal matters and information regarding the investigation into two of the plaintiffs. This information is not contemplated by and is beyond the scope of R.S. 12:223.
Plaintiffs next argue that the bylaws in effect at the time the request to examine the records was first made allowed examination of these records. At the time of plaintiffs’ request, the corporate by-laws stated:
(C) Pilots’ desiring to examine any part of the association business such as the books, files, or correspondence, must seek the assistance of the office manager. The office manager shall, upon request, make available the information to said member.
The shareholders voted to amend the corporate bylaws, effective May 1, 2002, to state the following:
(C) Upon at least five days written notice directed to the President, a shareholder who is not a business competitor, has the right to examine the records of the association with the following limitations:
(1) The examination must be scheduled for a reasonable time, place and for a reasonable period of time so as not to disrupt the conduct of business and use of records by the association.
(2) The shareholder must agree, in writing, to keep confidential information examined.
(3) The Board of Directors may refuse to permit examination of the following records:
|7Any invoice, bill, costs expense or other record that reveals legal or legislative strategy; disciplinary action against another pilot; personal financial information, including tax forms pertaining to another pilot, or other personal or confidential information pertaining to another pilot or shareholder.
We find the original by-law does not automatically make any and all records available for review. The information requested by plaintiffs contains attorney work product and personal matters regarding an internal investigation. The original by-law concerning records refers to books, files, or correspondences and does not directly address legal work product regarding an internal investigation. To allow the plaintiffs to inspect the records requested would compromise the investigation and we find is not required by the original by-law or by R.S. 12:223.
Accordingly, we find the trial court correctly denied the plaintiffs’ Writ of Mandamus. The judgment of the trial court is affirmed.

AFFIRMED.